UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DALLAS CARR, | ) ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | 09 C 5413 |
| NEDRA CHANDLER, Warden, Dixon Correctional Center, | ) ) ) | |
| Respondent. | ) ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Respondent Nedra Chandler to dismiss the petition for habeas corpus of Petitioner Dallas Carr. According to Chandler, the petition is time-barred under 28 U.S.C. § 2244(d)(1) and therefore should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the motion is granted and the petition is dismissed.

## **BACKGROUND**

On June 9, 1998, Carr pled guilty to two counts of first degree murder and one count of aggravated criminal sexual assault before a judge in the Circuit Court of Cook County. He was sentenced to life in prison. About two weeks after his sentencing, Carr

filed a pro se motion to withdraw his guilty plea, alleging that his trial attorney had promised that he would only be sentenced to a year in prison if he pled guilty to the charges. The court appointed counsel to represent Carr on that motion, which was amended and primarily asserted that Carr had not been competent to plead guilty and that the trial court failed to make proper inquiries into Carr's mental health before accepting his plea of guilty. On July 22, 1999, Carr abandoned his efforts to withdraw the guilty plea and did not appeal his conviction or sentence.

Six and a half years went by with no further action by Carr. Then, on January 6, 2006, he filed a postconviction petition in the state court, alleging that his trial counsel had provided ineffective assistance and that he was therefore entitled to relief from his sentence. The court summarily dismissed the petition, and Carr again did not appeal the decision. On March 16, 2006, Carr filed a second postconviction petition, which consisted of nothing more than a photocopy of his January 6 submission. The petition was again dismissed; this time Carr decided to appeal, and counsel was appointed to represent him in that proceeding. The appellate court affirmed the trial court's decision, and Carr filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on September 24, 2008. Carr's subsequent petition for certiorari was denied by the United States Supreme Court on March 23, 2009.

The instant petition for habeas corpus was filed September 1, 2009. Chandler now moves to dismiss the petition on grounds that it was not filed within the 1 year period permitted by 28 U.S.C. § 2244(d)(1).

**LEGAL STANDARD**

District courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution or laws or treaties of the United States. Review by federal courts is appropriate only when a prisoner has exhausted his options to challenge his conviction in the state courts, and guidelines for determining the finality of a state court judgment and the availability of federal review are supplied by 28 U.S.C. § 2244. The Antiterrorism and Effective Death Penalty Act of 1996 added section (d) to § 2244, providing a one-year statute of limitations on the filing of habeas petitions that begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

With these principles in mind, we turn to Chandler's motion.

## DISCUSSION

Chandler contends that the one-year period for habeas review of Carr's incarceration began on July 22, 1999, when he ceased his previous efforts to withdraw his entered plea of guilt. According to Chandler, because Carr did not seek any further direct review from the state courts of his conviction and sentence, the limitation period began to run on July 22, which was the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Giving Carr the benefit of the doubt, it appears from Ill. Sup. Ct. R. 606(b) that he had an additional 30 days in which to initiate a direct appeal, making August 21, 1999 the date upon which the judgment became final by virtue of the expiration of the time for seeking direct review. Therefore, § 2244(d)(1)(A) set the 1-year deadline for Carr to file a petition on August 21, 2000. As is clear from the recitation of facts given above, Carr failed to take any action before that date to seek federal habeas review.

In his response to the motion to dismiss, Carr gives several reasons for his delay in filing his petition, including his intellectual abilities, his unfamiliarity with the law, and an implied assertion that his time to file a habeas petition did not begin to run until the U.S. Supreme Court denied certiorari in March 2009 at the culmination of the state postconviction proceedings he commenced in 2006.

None of Carr's assertions present meritorious grounds to conclude that his habeas petition was timely filed. While Carr's mental capacity could be relevant in a consideration of his ability to present a pro se habeas petition in some circumstances, more than six years went by with no activity at all on Carr's part. This is not a case where he made efforts that were unsuccessful because of his lack of legal training or his ability to navigate complicated intellectual waters. Rather, the chronology of his various activities bespeaks a mistaken perception that he was not working within the 1-year timeframe set out in the federal statute. His ignorance of or mistaken belief as to the amount of time he had in which to pursue habeas relief also does not provide a basis for overriding the expiration of the 1-year deadline. *See Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004).

Finally, the postconviction proceedings Carr pursued in state court did not restart the 1-year period such that the clock restarted when the Supreme Court denied certiorari. The Seventh Circuit explicitly rejected the argument that such a restart would occur in *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). In *DeJesus*, the petitioner was convicted in state court and failed to appeal his conviction or sentence. He did not seek postconviction relief within the 1-year period provided by § 2244 but did file a state postconviction petition 5 years after the 1 year period expired. After all appellate proceedings were completed, he filed a § 2254 petition, which was

dismissed as untimely. According to the Court of Appeals, the federal timing rule, once expired, cannot be resurrected by later proceedings before the state court. In Carr's case, this holding requires a conclusion that the state postconviction petitions that he filed had no effect on his time for filing a federal habeas claim. As of August 21, 2000, one year after he would have been able to raise a challenge his plea of guilt, Carr's window of opportunity to seek federal review of his custody closed for good.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss Carr's petition for a writ of habeas corpus is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:    May 7, 2010